[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14583
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00528-CV-4-RH-WCS

ANTHONY BOYLAND,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,
d.b.a. Gadsden Correctional Institution,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 6, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Boyland appeals the district court's order granting summary

judgment in favor of his former employer, Corrections Corporation of America ("CCA") in his retaliation suit, filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and the Florida Civil Rights Act ("FCRA"), FLA. STAT. § 760.10(7). Boyland, an African-American, filed a complaint alleging that CCA fired him from his job as a corrections officer in May 2007 in retaliation for filing a 2004 discrimination charge with the Equal Employment Opportunity Commission. Although not pled in his complaint, Boyland alternatively claimed before the district court that he was fired in retaliation for grievances he voiced to CCA in February and March of 2007.

On appeal, Boyland first argues that the district court erred in finding that he failed to demonstrate a causal connection between his 2004 EEOC complaint and his 2007 dismissal. Second, he argues that the court erred in finding that he failed to demonstrate that his 2007 grievances were statutorily protected expressions. Finally, Boyland argues that the court erred in finding that he failed to offer sufficient evidence to support a finding that CCA's reasons for firing him were pretextual.

We review a district court's grant of summary judgment *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the

nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986).

Federal case law on Title VII applies to FCRA retaliation claims. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

In reviewing Title VII claims supported by circumstantial evidence, we use a three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 1824-26 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093 (1981). The burden is first on the plaintiff to establish sufficient evidence of a *prima facie* case of retaliation. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. A plaintiff may establish a *prima facie* case of retaliation under Title VII by presenting evidence showing that (1) he engaged in statutorily protected expression, (2) the employer took action that would have been materially adverse to a reasonable employee or job applicant, and (3) there was some causal relation between the two events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Once a plaintiff has established a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824.

When the employer meets its burden, the plaintiff must then demonstrate that the employer's reasons are a "pretext for prohibited retaliatory conduct." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 n.6 (11th Cir. 2000).

## I. Alleged Unlawful Retaliation for 2004 Discrimination Charge

To demonstrate a causal connection, a plaintiff can show that the decision makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated. *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Causation may be inferred by close temporal proximity between the protected activity and the adverse action by the employer. *Thomas v. Cooper Light., Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). We have held, however, that "in the absence of any other evidence of causation," a three-month proximity "between a protected activity and an adverse employment action is insufficient to create a jury issue on causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006). In the absence of close temporal proximity between the protected activity and the employer's adverse action, a plaintiff may be able to establish causation where intervening retaliatory acts commenced shortly after the plaintiff engaged in a protected activity. *See Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1117-19 (11th Cir. 2001).

Here, there was a two-and-a-half year gap between Boyland's November

2004 charge and his May 2007 termination. This is well outside the time range for which this Court will infer causal connection from temporal proximity. *See Drago*, 453 F.3d at 1308. Because Boyland produced no other evidence to show that a causal connection existed between his 2004 charge and his termination, he has failed to meet his burden of establishing a *prima facie* case of retaliation. Accordingly, we affirm the district court's grant of summary judgment on Boyland's claim that he was unlawfully fired in retaliation for his 2004 charge.

## II. Alleged Unlawful Retaliation for 2007 Grievances

The anti-retaliation clause in Title VII recognizes that an employee's conduct is statutorily protected under the Opposition Clause if he has opposed any employment practice made unlawful by Title VII. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999). To establish a statutorily protected expression under the Opposition Clause, a plaintiff must show that he "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997). "Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII." *Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995).

A legitimate nondiscriminatory reason proffered by the employer is not a

pretext for prohibited conduct unless it is shown that the reason was false and that the real reason was impermissible. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993). If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot merely recast the reason, but must "meet that reason head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). When an employer claims that a plaintiff was fired for violating a work rule, a plaintiff may show pretext through evidence (1) that he did not violate the cited work rule, or (2) that if he did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated. *Damon v. Fleming Supermarkets, Inc.*, 196 F.3d 1354, 1363 (11th Cir. 1999). We will not second-guess an employer for firing an employee for lying during an important internal investigation unless the employee produces evidence that the employer lacked a good faith belief that the employee lied. *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1176 (11th Cir. 2000).

Even if we assume, *arguendo*, that Boyland's 2007 grievances were statutorily protected expressions, and that he established a *prima facie* case of retaliation, he still did not establish that CCA's legitimate, non-discriminatory reasons for terminating him were pretextual. *See Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004) (holding that this Court may

6

affirm the district court's judgment on any ground that finds support in the record and affirming when plaintiff established a *prima facie* case but failed to establish pretext). CCA proffered that it fired Boyland for violating work policy and lying during a subsequent internal investigation, and Boyland failed to meet these non-discriminatory reasons head on and rebut them. *See Chapman*, 229 F.3d at 1030. Although he provided evidence of other security breaches committed by CCA employees, none of these breaches are similar to the one Boyland committed, which resulted in an inmate having access to a gun and ammunition. Moreover, Boyland produced no evidence that any of the other employees who committed breaches lied in the course of the subsequent investigation. Accordingly, the district court properly granted summary judgment on Boyland's unpled claim that he was unlawfully fired in retaliation for his 2007 grievances. Upon review of the record and upon consideration of the parties' briefs, we affirm.

**AFFIRMED.**